# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3665

_____

| | | |
|---|---|---|
| Yacouba Berte, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petitioner for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: December 14, 2004
Filed: February 4, 2005

_____

Before WOLLMAN, LAY, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Yacouba Berte petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an Immigration Judge's (IJ) denial of his application for asylum and withholding of removal and denied his request to supplement the record. After review of the record, we deny the petition.

**I.**

Berte entered the United States on June 7, 1995, on a J-1 non-immigrant exchange visitor visa, and remained beyond his authorized stay. He filed a claim for asylum and withholding of removal in September 1997. He was served with a notice

to appear in late 1998. At his removal hearing in 1999, which was continued in 2001, he conceded that he was removable, but sought asylum relief. The IJ issued an oral decision denying asylum and withholding of removal and granting voluntary departure.

The IJ concluded that, although Berte testified credibly, he was not entitled to asylum or withholding of removal because although he may have been discriminated against, he did not suffer persecution. Berte appealed the decision to the BIA, seeking to supplement the record on appeal with various reports and articles that he alleged showed changed country conditions. The BIA declined to allow supplementation and both affirmed and adopted the IJ's decision.

## II.
### A.

We review the BIA's decision that an alien is not eligible for asylum or withholding of removal for substantial evidence. Krasnopivtsev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004). Because the BIA affirmed and adopted the IJ's decision, stating that its conclusions "coincide with those the Immigration Judge articulated," we extend our review to the IJ's opinion and review both decisions together. See id. We will reverse the BIA's decision for lack of evidence only if we find that the evidence in the record is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

An alien is eligible for asylum if he is a refugee—someone who is unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The alien bears the burden of proof to show that he meets the definition of refugee. 8 C.F.R. § 1208.13 (1999). In order to prove a well-founded fear of future persecution, an

alien must show both that he actually fears persecution and that "a reasonable person in the alien's position would fear persecution if returned to the alien's native country." Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (internal quotation omitted).

We have defined persecution generally as "the infliction or threat of death, torture, or injury to one's person or freedom, on account of" one of the grounds enumerated in the refugee definition. Regalado-Garcia, 305 F.3d at 787; see also Fisher v. INS, 291 F.3d 491, 497 (8th Cir. 2002) (describing persecution as involving "a threat to one's life or freedom"). Low-level intimidation and harassment alone do not rise to the level of persecution. See Zakirov v. Ashcroft, 384 F.3d 541, 546 (8th Cir. 2004); see also Tesfu v. Ashcroft, 322 F.3d 477, 481 (7th Cir. 2003) (stating that "persecution means more than plain harassment and may arise from actions such as detention, arrest, interrogation, prosecution, imprisonment, illegal searches, confiscation of property, surveillance, beatings, or torture." (internal quotation marks omitted)). Similarly, "mere economic detriment" is not sufficient to qualify as persecution. See Fisher, 291 F.3d at 497; Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997) (stating that "[f]ears of economic hardship or lack of opportunity do not establish a well-founded fear of persecution").

The evidence of discrimination that Berte presented falls far short of persecution and fails to establish a well-founded fear of future persecution. Berte testified that it is difficult for people from the northern part of the country to obtain the identity documents that the government requires for proof of citizenship: certificates of nationality, identification cards, and passports. Before he left the Ivory Coast, he had difficulty obtaining his passport and never actually received the national identification card for which he had applied. He believes that he will be unable to renew his documentation if he returns and that he will, as a consequence, be denied many rights of citizenship (his right to be free from harassment by government officials, his right to vote, and his right to apply for work).

-3-

The above-described barriers to the exercise of basic citizenship rights reflect discrimination, but do not rise to the level of persecution that is sufficient to make a person eligible for asylum. It is significant that Berte has "never been arrested, detained, interrogated by authorities, or convicted of any crime," Fisher, 291 F.3d at 495, and that he does not expect to be the object of such treatment on his return. Sufficient evidence therefore supports the agency's denial of asylum.

In order to be eligible for withholding of removal, the alien must prove that it is "more likely than not" that he will be subject to persecution, a standard significantly higher than that required for asylum eligibility. See Al Tawm v. Ashcroft, 363 F.3d 740, 744 (8th Cir. 2004). Because Berte has failed to show any likelihood of persecution, he also fails to meet "the higher burden of proof required for withholding." Id.

**B.**

Berte argues that the BIA should have allowed him to supplement the record with additional reports and articles or, alternatively, should have remanded the case to the IJ to consider the additional evidence. We review the BIA's denial of a motion to remand for abuse of discretion. See Patel v. Ashcroft, 375 F.3d 693, 696 (8th Cir. 2004). The BIA's function is to review the record, not create it. See Matter of Fedorenko, 19 I. & N. Dec. 57, 74 (1984) (stating that "all evidence which is pertinent to determinations made during deportation proceedings . . . must be adduced in the hearing before the immigration judge"). The BIA will not remand to the IJ to consider additional evidence proffered on appeal if the evidence "was available and could have been presented at an earlier hearing." In re Adolfo Jose Grijalva, 21 I. & N. Dec. 27, 36 (1995). Even if the evidence was previously unavailable, the BIA will remand only if the evidence is "of such a nature that the Board is satisfied that if proceedings before the [IJ] were reopened, with all the attendant delays, the new evidence would likely change the result in the case." Matter of Coelho, 20 I. & N. Dec. 464, 473 (1992).

We do not believe that this case involves such extraordinary circumstances, and thus we conclude that the BIA did not abuse its discretion in denying petitioner's request. The proffered evidence described violence and political unrest generally in the Ivory Coast, but it did not relate specifically to Berte or his family. The BIA implied that the evidence would be unlikely to change the result because the IJ had already received articles on violence in the Ivory Coast.

Berte urges us to consider similar evidence in his motion for judicial notice, in which he proffers several reports on the human rights situation in the Ivory Coast. We deny the motion. We are limited in our review and may "decide the petition only on the administrative record on which the order of removal is based." See 8 U.S.C. § 1252 (b)(4)(A); see also Lukowski v. INS, 279 F.3d 644, 646 (8th Cir. 2002) (noting that "our judicial review is limited to the administrative record").

The petition for review is denied.

_____