**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2006[*]
Decided January 18, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1516

QIANG GAO,
    *Petitioner*,

v.

ALBERTO R. GONZALES, Attorney
    General of the United States,
    *Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals

No. A79 287 670

**ORDER**

Qiang Gao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture. The IJ denied Gao relief because he found Gao had submitted fraudulent documents that were central to his claim and was therefore not credible. Since the IJ's adverse credibility determination was supported by "specific, cogent reasons," we deny the petition.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Gao claims that he has a well-founded fear of persecution for resisting China's one-child policy. He says that after his wife gave birth to their first child in 1991, Chinese family planning officials forced her to have an intra-uterine birth control device, (IUD), inserted. However, his wife had the IUD removed at a private clinic and became pregnant again. According to Gao, the Chinese authorities forced his wife to abort this second pregnancy in 1993. When the officials came to take his wife to get the abortion, Gao says he fought with them and accidentally injured the son of a local communist party official. Because of this incident, Gao was afraid he would be imprisoned and hid for seven years before coming to the United States in 2000.

At his merits hearing Gao submitted corroborating evidence which included two certificates purportedly from a Chinese hospital verifying his wife's IUD insertion and abortion. Gao also submitted a receipt for an over-birth fine that he says he was forced to pay.

The government submitted the testimony of an expert witness, Elaine Wooten, a document examiner at the government's forensic document lab (FDL). Gao did not challenge her expert qualifications. Wooten concluded that all three of these documents were probably fraudulent. Wooten based her conclusions on the following. Legitimate government documents are generally produced by a printing press as this is a more efficient way of producing large numbers of documents. But the ink used on the two hospital certificates indicated that they were produced by a photocopier. In addition, the serial numbers on the certificates were made by a letterpress numbering machine. Letterpress numbering machines, which cause indentations in the surface of the paper, are usually part of a printing press production and normally are not affixed to photocopied documents according to Wooten. Therefore, it was unusual that Gao's documents, being photocopies, had then been separately put through a letterpress.

In addition, the certificates were supposedly issued more than a year apart, but they bore the same marks, which Wooten concluded were caused by defects in the photocopier's toner drum. Wooten thought it highly unlikely that the toner drum would not have been replaced in over a year, and a new drum should have created different marks. Wooten also found the same marks on documents in an unrelated case. In one of those other cases, the document was supposedly issued six to seven years after the documents submitted by Gao. This indicated to her that all these documents were fraudulently produced by the same photocopier. Finally, with respect to the fine receipt, Wooten found the serial numbers on it were created using the same letterpress machine used on the hospital certificates. Therefore, she concluded it had probably been fraudulently created by the same individuals who created the fraudulent hospital certificates.

Gao testified after Wooten and offered no explanation or excuse for the dubious authenticity of his documents. The IJ continued the hearing to give Gao a chance to present a witness to rebut Wooten's testimony. When he did not do so, the IJ issued a decision denying Gao all relief but granting him voluntary departure. Specifically, the IJ found that Gao had submitted fraudulent documents based on Wooten's report and testimony, and therefore was not credible. Gao appealed and, while his appeal was pending, attempted to submit to the BIA statements from doctors and a government official ostensibly certifying the authenticity of his hospital certificates and fine receipt. The BIA found no error in the IJ's decision and rejected Gao's new documents stating that it was not permitted to engage in fact-finding. It also ruled that Gao had not met the requirements for a motion to remand because he had not shown that this evidence was previously unavailable.

Since the BIA adopted the IJ's credibility determination, we review the IJ's decision directly. *Tabaku v. Gonzales*, 425 F.3d 417, 421 (7th Cir. 2005). We review an IJ's credibility determination of a petitioner's claimed fear of persecution deferentially and will uphold it if it is supported by "specific, cogent reasons." *Ssali v. Gonzales*, 424 F.3d 556, 561–62 (7th Cir. 2005) (internal quotation marks and citation omitted).

The IJ's decision in this case was amply supported by evidence in the record. The submission of fraudulent documents on matters central to one's claims can be grounds for an adverse credibility finding. *See Hysi v. Gonzales*, 411 F.3d 847, 852–53 (7th Cir. 2005) (upholding IJ's adverse credibility determination where the FDL determined that the applicant who claimed he was persecuted for writing newspaper articles had not really written articles in question), *cert. denied*, No. 05-544, 2006 WL 37110 (U.S. Jan. 9, 2006); *see also Selami v. Gonzales*, 423 F.3d 621, 625 (6th Cir. 2005). Wooten testified that Gao's documents were likely fraudulent, and she provided the IJ with a detailed explanation for her conclusions. Furthermore, the contested documents go to the heart of Gao's claims for relief, specifically whether Gao's wife was forced to get an abortion and submit to other coercive population control practices. Gao offered no answer to the expert's suspicions nor did he disclaim knowledge of the fraud. The IJ's decision to base his adverse credibility finding specifically on Wooten's testimony was therefore reasonable and cogent.

As for Gao's argument that the certifications he attempted to present to the BIA while his appeal was pending rebut Wooten's conclusions, the BIA correctly held that it is not permitted to engage in fact-finding. 8 C.F.R. 1003.1(d)(3)(iv); *see also Reyes-Hernandez v. I.N.S.*, 89 F.3d 490, 494 (7th Cir. 1996). Petitioners who discover new evidence while their appeal before the BIA is pending are supposed to

make a motion to remand their case to the IJ.  8 C.F.R. 1003.1(d)(3)(iv).  The BIA construed Gao's submission of new documents to be a motion to remand, but it properly denied this motion because Gao never explained why he could not have presented the certifications to the IJ at his initial hearing.  *See Berte v. Ashcroft*, 396 F.3d 993, 997 (8th Cir. 2005); *see also Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156–57 (2d Cir. 2005) (motions to remand are held to same requirements as motions to reopen); *Korytnyuk v. Ashcroft*, 396 F.3d 272, 282 (3d Cir. 2005) (motion to remand is equivalent to motion to reopen filed while appeal is pending); 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, we DENY the petition for review.