# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2277

_____

Philip Hassan Moses,               *
                                   *
            Petitioner,            *
                                   *
     v.                            *   Petition of Review from the Board
                                   *   of Immigration Appeals.
Alberto Gonzales, Attorney General *
of the United States of America,   *   [UNPUBLISHED]
                                   *
            Respondent.            *

_____

Submitted: March 17, 2006
Filed: April 26, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Philip Hassan Moses challenges a final order of the Board of Immigration Appeals (BIA) affirming a departure order. Having jurisdiction under 8 U.S.C. § 1252, this court affirms.

Moses, a Nigerian citizen, stayed in the United States beyond his authorized date as a "non-immigrant student." The Department of Homeland Security began removal proceedings. Moses then requested asylum, withholding of removal, and protection under the Convention Against Torture based on past persecution because he and his family are Christians.

In the early 1990s, while Moses was away in the National Youth Service Corps, a group of Muslims broke into his parents' home, capturing his mother and younger brother. He claims this was part of a "Muslim jihad" against Christians. The attackers beat his brother while forcing him to recite a verse from the Koran. They dragged his mother into the courtyard, beat her unconscious, cut off two fingers, broke her forearm, and wounded her head. They then took his brother to be converted to Islam. His mother filed a report with the Secretary of the Judicial Committee of Justice, but the attackers were never apprehended.

Other family members – a cousin and two uncles – were killed in separate incidents because they were Christian. During sporadic rioting, Moses's family would briefly leave the neighborhood, returning when it was safer. Moses was not present during these attacks and never physically harmed.

In 1998, Moses came to the United States to attend Bible school. He went back to Nigeria in 1999, but stayed only two months, saying that although he was not harmed, he "knew it wasn't safe." He returned to the United States on a student visa; however, he never went back to school.

This court reviews the BIA's factual determinations for substantial evidence, and its decision is upheld unless any reasonable fact-finder would be compelled to conclude otherwise. *See Mamana v. Gonzales*, 436 F.3d 966, 968 (8th Cir.2006). Because the BIA affirmed without opinion, this court reviews the IJ's decision as the agency's final determination. *See Ibrahim v. Gonzales*, 434 F.3d 1074, 1078 (8th Cir. 2006). The Attorney General has discretion to grant asylum to an alien who is unwilling to return to his home country because of "(1) past persecution or (2) a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." **8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)**. Persecution means "a threat to one's life or freedom on account of one of [these] five protected grounds." *Eta-Ndu v. Gonzales*, 411 F.3d 977, 983 (8th Cir. 2005), *quoting Fisher v. INS*, 291 F.3d 491, 497 (8th Cir. 2002).

On the record before this court, the IJ neither failed to take into account the deaths and persecution of family members, nor erred in finding Moses did not suffer past persecution. "Without question, acts of violence against family members on account of religion or political opinion 'may demonstrate persecution if they show a pattern of persecution tied to the petitioner.'" *Jalloh v. Gonzales*, 418 F.3d 920, 923 (8th Cir. 2005) (petitioner lived far away when rebel soldiers attacked family), *citing Ahmadshah v. Ashcroft*, 396 F.3d 917, 920 (8th Cir. 2005). While noting Moses's family "may have suffered personal physical harm," the IJ did not tie this pattern of persecution to Moses, stating: "However, the respondent has been able to avoid such harm because he was either not present or he was able to run away." Additionally, the IJ found that he was not harmed when he returned to Nigeria in 1999, even attending church while there. His family members also continued to attend church without incident. On the facts presented, there is substantial evidence that Moses did not suffer past persecution.

Next, Moses argues that the IJ applied the wrong legal standard in determining it was reasonable to relocate to another part of Nigeria. Contrary to his assertions, however, he bears the burden to prove the unreasonableness of relocation. *See* **8 C.F.R. § 1208.13(b)(3)(i)** ("In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate . . . ."). The C.F.R. lists several possible factors, explaining they "may, or may not, be relevant, depending on all the circumstances of the case, and are not necessarily determinative of whether it would be reasonable for the applicant to relocate." *Id.* **§ 1208.13(b)(3)**.

On this record, Moses did not provide enough evidence to compel a reasonable fact-finder to conclude it is unreasonable to relocate. The IJ explained that he and his family could move to a predominantly Christian part of Nigeria "to avoid any perceived threats of persecution." The IJ found "insufficient" his explanation that relocation was impossible given his family's minority status and their involvment in the Biafran War 26 years ago. Moses produced no other evidence that his family

-3-

would suffer harm if they relocated. Moreover, the record contains a State Department report indicating the Nigerian government is helping displaced citizens. Although Moses cites several news articles and reports documenting civil and ethnic unrest, these alone do not compel a contrary conclusion. Thus, he failed to meet his burden.

Finally, Moses claims a well-founded fear of future persecution. Because he did not establish past persecution, he is not entitled to a rebuttable presumption of future persecution. *See Reyes-Morales v. Gonzales*, 435 F.3d 937, 941 (8th Cir. 2006). "In order to prove a well-founded fear of future persecution, an alien must show both that he actually fears persecution and that a 'reasonable person in the alien's position would fear persecution if returned to the alien's native country.'" *Berte v. Ashcroft*, 396 F.3d 993, 996 (8th Cir. 2005), *quoting Regalado-Garcia v. INS*, 305 F.3d 784, 788 (8th Cir. 2002). An applicant must establish this well-founded fear with "credible, direct, and specific evidence." *Eta-Ndu*, 411 F.3d at 984, *quoting Shoaira v. Ashcroft*, 377 F.3d 837, 844 (8th Cir. 2004).

The IJ stated that while "there are problems and conflicts between the Christians and the Muslims" in Nigeria, Moses never suffered personal harm. In addition, Moses and his family have not suffered personal harm since 1993. *See Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 839 (8th Cir. 2004) ("The reasonableness of a fear of persecution is diminished when family members remain in the native country unharmed, and the applicant himself had not been singled out for abuse."); *see also Regalado-Garcia*, 305 F.3d at 788 (more than 10 years since petitioner suffered harm, and no evidence of family persecution). During this time, his family continued to attend church without incident. When home in 1999, Moses was never prevented from attending church. Moreover, the IJ notes that his wife works as a secretary in the Nigerian Ministry of Women Affairs, two of his sisters are clerks in the Ministry of Education, and his oldest child attends school there. Finally, the IJ explained that Moses's two-month voluntary return to Nigeria in 1999, where he suffered no harm,

indicates there is no reasonable fear of persecution. Thus, there is substantial evidence to support the IJ's decision.

The BIA's determination that Moses is not eligible for asylum is supported by substantial evidence. Because he fails to meet the lesser burden of proving eligibility for asylum, he also fails to prove a right to withholding of deportation. *See Fisher*, 291 F.3d at 498.

The judgment of the BIA is affirmed based on the record before this court.[1]

_____

[1]After the BIA's decision, the Citizenship and Immigration Service on December 20, 2005, granted asylum to Moses's mother – who had been in the United States for a year and a half – based on past persecution and her fear of future persecution for being Christian. Moses twice moved to hold this court's decision in abeyance until the BIA has the opportunity to consider reopening his case. This court denied these motions on February 10 and April 3, 2006.

Moses argues that his mother's grant of asylum is a "critical, new development" in his own case. This court's review, though, is limited to the "administrative record on which the order of removal is based." **8 U.S.C. § 1252(b)(4)(A)**; *see also Berte*, 396 F.3d at 997. Thus, this court can review only the record as it was before the IJ as late as February 4, 2004, when Moses's mother was still in Nigeria. However, the BIA "may *at any time* reopen or reconsider *on its own motion* any case in which it has rendered a decision." **8 C.F.R. § 1003.2(a)** (emphasis added).

In view of the potential new fact that Moses's mother was recently granted asylum, this court urges the BIA to consider reopening Moses's case.