**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2364**

WOLDERUFAEL KIDANE SIBHAT,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-934-608)

Submitted:  June 12, 2006                Decided:  July 10, 2006

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

David Goren, LAW OFFICE OF DAVID GOREN, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, James Hunolt, Mark L. Gross, Christopher C. Wang, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wolderufael Kidane Sibhat, a native and citizen of Eritrea, petitions for review of an order of the Board of Immigration Appeals (Board) adopting and affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Sibhat challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Sibhat fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Sibhat's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Sibhat fails to show that

he is eligible for asylum, he cannot meet the higher standard for withholding of removal.[*]

Finally, we uphold the Board's denial of Sibhat's request to remand his proceedings to the immigration judge to consider the additional evidence that he submitted on appeal. Although the Board does have the authority to remand proceedings for further factfinding, 8 C.F.R. § 1003.1(d)(3)(iv) (2006), it "will not remand to the [immigration judge] to consider additional evidence proffered on appeal if the evidence 'was available and could have been presented at an earlier hearing.'" Berte v. Ashcroft, 396 F.3d 993, 997 (8th Cir. 2005) (quoting Matter of Grijalva, 21 I. & N. Dec. 27, 36 (B.I.A. 1995)). Because we find that the additional evidence submitted by Sibhat clearly could have been presented before the immigration judge, we find that the Board did not abuse its discretion in declining to remand the case. See Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005) (setting forth standard of review).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

---

[*]Sibhat does not challenge the denial of his request for protection under the Convention Against Torture in his petition for review.

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>