# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3487

_____

Gerardo Campos Julio

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 13, 2019
Filed: March 23, 2020

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Gerardo Campos Julio, a native and citizen of Mexico, last entered the United States on or about July 21, 2000, violating 8 U.S.C. § 1182(a)(6)(A)(i). The Department of Homeland Security initiated removal proceedings in 2014. Campos conceded removability and applied for discretionary cancellation of removal, which requires an alien to prove continuous presence for ten years, good moral character, no prior conviction for an enumerated criminal offense, and that his removal "would

result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1).

After a hearing in August 2016, the Immigration Judge ("IJ") found that Campos satisfied the first three requirements but did not establish that his removal would cause "exceptional and extremely unusual hardship" to his thirteen-year-old daughter Martha, his only qualifying relative. The IJ denied relief. Campos appealed and filed a motion to remand to the IJ to consider new evidence of extraordinary hardship. The Board of Immigration Appeals ("BIA") dismissed the appeal and denied Campos's motion to remand. Campos petitions for review of both adverse rulings, arguing the BIA committed errors of law by conducting its own fact-finding, failing to consider relevant hardship factors, and denying the motion to remand.

Congress has limited our jurisdiction to review the Attorney General's discretionary decision to deny cancellation of removal, but we may review "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(B)(i), (D). We also have jurisdiction to review the BIA's denial of an alien's motion to remand under a deferential abuse of discretion standard. See Kucana v. Holder, 558 U.S. 233, 242, 253 (2010). Applying these principles, we deny the petition for review.

**A. The Initial Appeal.** In a September 2017 Written Decision, the IJ considered all the evidence "individually and cumulatively" and concluded that "cancellation of removal must be denied" because Campos failed to establish that his removal would result in exceptional and extremely unusual hardship to Martha. The IJ noted that Martha met with a psychologist, but she "was not diagnosed with any mental health issues or problems," her therapy concluded in April 2016, and no further therapy was scheduled. If Martha remained in the United States, she would continue to have access to a psychologist. If she relocated to Mexico with her father, or to Guatemala, where her mother is a citizen, Campos had not established that Martha would be completely deprived of educational opportunity. "In summary," the

IJ concluded, Campos established no more than "the types of hardships expected by most aliens who now face the prospect of returning to their home countries after living in the U.S. for many years."

On appeal to the BIA, Campos argued the IJ erred in overlooking record evidence that Martha had in fact received a mental health diagnosis and abused his discretion in finding that the hardship to Martha would not rise to the level of exceptional and extremely unusual. The BIA agreed with Campos that the IJ erroneously found that Martha was not given a mental health diagnosis. (The IJ relied on Campos's testimony to that effect, but the administrative record included evidence of such a diagnosis.) However, the BIA concluded, as the IJ properly considered Martha's therapy with the psychologist, Campos "has not established that any prejudice resulted from the [IJ's] error." The BIA agreed that the evidence as a whole did not establish exceptional and extremely unusual hardship to Martha.

**1.** The Attorney General's procedural regulations provide that the BIA reviews "findings of fact determined by an immigration judge" for clear error; "the Board will not engage in factfinding in the course of deciding appeals." 8 C.F.R. §§ 1003.1(d)(3)(i), (iv). Campos argues the BIA violated this standard of review when it concluded the IJ made a clear error in his fact findings and then conducted its own factfinding rather than remand to the IJ. We disagree.

The BIA did not engage in impermissible factfinding when it agreed with Campos that one of the IJ's findings was clearly erroneous. No decision cited by Campos has held that the regulation precludes the BIA from concluding that an IJ's factfinding error was harmless. Harmless error determinations are a universally recognized aspect of appellate review. "The regulation was not intended to restrict the BIA's powers of review, including its power to weigh and evaluate evidence introduced before the IJ." Rotinsulu v. Mukasey, 515 F.3d 68, 73 (1st Cir. 2008). This was not a case where further factfinding was needed. See Nabulwala v.

Gonzales, 481 F.3d 1115, 1118 (8th Cir. 2007). Rather, as in Robles v. Barr, 940 F.3d 420, 422 (8th Cir. 2019), the BIA evaluated the same record as the IJ, noted the IJ's factual error and its lack of prejudicial impact, and concluded after weighing and evaluating the other evidence that exceptional and extremely unusual hardship was not established.

**2.** Campos further argues the BIA committed an error of law when it "failed to address" several hardship factors it has considered in past cases. We have consistently held that petitioners may not manufacture jurisdiction to judicially review discretionary decisions regarding "exceptional and extremely unusual hardship" by cloaking an abuse of discretion argument in legal garb. See, e.g., Hernandez-Garcia v. Holder, 765 F.3d 815, 816-17 (8th Cir. 2014) (collecting cases). Those decisions are controlling here. In essence, Campos disagrees with the weight the IJ and the BIA gave to certain factors in deciding the exceptional and extremely unusual hardship issue. The weighing of factors is a discretionary determination beyond our jurisdiction. See Salas-Caballero v. Lynch, 786 F.3d 1077, 1078 (8th Cir. 2015); Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011), cert. denied, 656 U.S. 1114 (2012).

**B. Denial of the Motion to Remand.** With the initial appeal pending, Campos filed a motion to remand to allow the IJ to consider new evidence, specifically: (1) a letter from a nurse practitioner, dated after the IJ's decision, stating that Martha was diagnosed with anxiety and depression in 2015 and was prescribed medication for a short period of time in 2016; (2) Campos's medical records from March and April 2016; and (3) two articles discussing the psychological effects of undocumented immigration status. The BIA denied the motion to remand, concluding that Campos failed to submit "any new and previously unavailable evidence regarding his qualifying relative." Campos argues the BIA erred in denying his motion to remand to consider new evidence of hardship.

-4-

The BIA has discretion to grant timely motions to remand for further proceedings before the IJ. 8 C.F.R. §§ 1003.2(b)(1), (c)(4); see § 1003.1(d)(3)(iv). Motions to remand are disfavored, and we review their denial under a "highly deferential" abuse of discretion standard. See Alva-Arellano v. Lynch, 811 F.3d 1064, 1066 (8th Cir. 2016). Remand to the IJ is not warranted if the new evidence proffered was available and could have been presented at an earlier hearing, and the BIA will only remand "if the evidence is of such a nature that the Board is satisfied that if proceedings before the IJ were reopened, with all the attendant delays, the new evidence would likely change the result in the case." Berte v. Ashcroft, 396 F.3d 993, 997 (8th Cir. 2005) (cleaned up); see Lee v. Holder, 765 F.3d 851, 854-55 (8th Cir. 2014).

The BIA did not abuse its considerable discretion in concluding that Campos failed to provide "any new and previously unavailable evidence regarding his qualifying relative." The BIA noted that the nurse practitioner letter, although dated after the IJ's decision, did not contain any new information regarding Martha's mental health status postdating that decision. Campos offered his own medical records as new evidence despite the fact that they were dated prior to the hearing before the IJ.[1] The two media articles offered did not contain any new and previously unavailable information pertaining to Martha specifically. Even if this additional evidence might have provided further support for Campos's claim of exceptional and

---

[1]Campos argues the BIA committed legal error by stating in a footnote that "hardship to the respondent himself [Campos] is not considered in a cancellation of removal case." Citing the same BIA precedent as Campos, the IJ's initial decision stated what Campos argues is the correct standard: "Hardship factors relating to the applicant may be considered only insofar as they might affect the hardship to a qualifying relative." See Matter of Recinas, 23 I&N Dec. 467 (BIA 2002). The Motion To Remand did not argue how the new evidence would be relevant under this standard. We decline to accept Campos's invitation to assume that the BIA's cryptic footnote reflected a departure from its prior precedents.

extremely unusual hardship, it did not provide new and previously unavailable information.  See Alva-Arellano, 811 F.3d at 1066-68.  Thus, the BIA was well within its discretion in denying the motion to remand.

For the foregoing reasons, we deny the petition for review.

_____