# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2334

_____

Marcos Antonio Lara-Alvarez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 15, 2021
Filed: August 30, 2021
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Marcos Antonio Lara-Alvarez, a native and citizen of Mexico, unlawfully entered the United States in early 2001 and has remained in the country since that

_____

[1]Attorney General Garland is substituted for his predecessor pursuant to Federal Rule of Appellate Procedure 43(c)(2).

time. On January 11, 2013, the Department of Homeland Security commenced removal proceedings. Lara-Alvarez admitted he is an alien present in the United States without being admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i), and applied for discretionary cancellation of removal. The Immigration and Nationality Act authorizes the Attorney General to cancel the removal of an alien who establishes that he has maintained a continuous presence in the country for at least ten years, is a person of good moral character, has not been convicted of an enumerated offense, and his "removal would result in exceptional and extremely unusual hardship" to a member of his immediate family who is a citizen or lawful permanent relative. 8 U.S.C. § 1229b(b)(1).

Lara-Alvarez has two U.S. citizen children, ages 17 and 14 at the time in question. After a cancellation-of-removal hearing at which Lara-Alvarez, his employers, his daughter J.B.L., and a therapist who had interviewed the children testified, the Immigration Judge ("IJ") denied Lara-Alvarez's application in a July 2018, Written Decision. The IJ found that Lara-Alvarez met the first three statutory criteria but failed to establish that his removal would cause "exceptional and extremely unusual hardship." While the IJ found Lara-Alvarez credible, it determined that decreased opportunities or quality of life for his children would not constitute "exceptional and extremely unusual hardship." The IJ found that the children could remain in the United States with their mother, Lara-Alvarez's ex-wife; that she could financially support them; and that he had substantial assets to support them from afar. The IJ found that J.B.L.'s anemia was not particularly serious and Lara-Alvarez did not establish she could not receive adequate care in Mexico. Considering all hardship factors in the aggregate, the IJ concluded:

> The hardship that [the children] would face as a result of their father's removal to Mexico, while serious, does not exceed that which any other child with a deported or absent father would endure. Therefore, the Court finds that Respondent has not established his removal would

result in "exceptional and extremely unusual hardship" to a United States citizen.

Lara-Alvarez appealed the IJ's Decision to the Board of Immigration Appeals ("BIA"). Reviewing the IJ's factual findings for clear error and all other issues *de novo*, the BIA adopted the IJ's hardship determination and dismissed the appeal.

Lara-Alvarez petitions for review of the BIA's final order of removal. The government argues we lack jurisdiction over Lara-Alvarez's petition because he seeks review of a discretionary denial of cancellation of removal that presents no legal or constitutional claim. See 8 U.S.C. §§ 1252(a)(2)(B)(i), (D). Lara-Alvarez argues we have jurisdiction to "consider the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility to be considered for the relief." Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 906 (8th Cir. 2005).

The issue in Reyes-Vasquez was whether the alien had maintained a continuous presence in the United States for at least ten years, an issue of eligibility for relief, not the exercise of discretionary authority. Our recent cases clarify the distinction:

> We will review a nondiscretionary determination that an alien is ineligible for cancellation of removal . . . . But we have consistently ruled that we lack jurisdiction to review a discretionary BIA decision that petitioner's removal would not "result in exceptional and unusual hardship," even when the petitioner seeking review attempted to "create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb."

Hernandez-Garcia v. Holder, 765 F.3d 815, 816 (8th Cir. 2014), citing cases; see Campos Julio v. Barr, 953 F.3d 550, 552-53 (8th Cir. 2020).

On appeal, after reciting the IJ's unfavorable analysis, Lara-Alvarez argues the IJ's decision to give little weight to the uncontradicted testimony of the children's

therapist and Lara-Alvarez's employers "was a significant misapplication of the law to the facts of this case."  He contends the hardship his children "would face as a result of their father's removal to Mexico, exceeds what other children with a deported or absent father would endure."  We conclude these arguments do not present a legal or constitutional claim within our jurisdiction under 8 U.S.C. § 1252(a)(2)(D).  As in Campos Julio, Lara-Alvarez in essence "disagrees with the weight the IJ and the BIA gave to certain factors in deciding the exceptional and extremely unusual hardship issue.  The weighing of factors is a discretionary determination beyond our jurisdiction."  953 F.3d at 553 (citations omitted).

Accordingly, we deny the petition for review.

_____