# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-1338
_____

Elisa Lopez-Vasquez

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 16, 2026
Filed: May 29, 2026
_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Elisa Lopez-Vasquez entered the United States illegally in 2004 and took up residence in Carthage, Missouri. Twenty years later, the Department of Homeland Security ("DHS") initiated removal proceedings against her before an immigration

_____

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

judge ("IJ"). Lopez-Vasquez did not contest her removability but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1) and for permission to depart the United States voluntarily under 8 U.S.C. § 1229c(b). After a hearing, the IJ issued a written order denying both applications and entered a removal order. In January 2025, the Board of Immigration Appeals ("BIA") affirmed the IJ's rulings. Shortly thereafter, Lopez-Vasquez filed a petition asking us to vacate the removal order on due process and statutory grounds and to remand to the BIA with instructions either to cancel her removal or to reconsider her applications. Finding no basis for such relief, we deny Lopez-Vasquez's petition.

## I. Background

Lopez-Vasquez is a native and citizen of Guatemala who resided illegally in Carthage, Missouri for roughly twenty years. She is the mother of six U.S. citizen children whose ages range from two to twenty years old. In 2021, she married a citizen of Guatemala who has no legal status in the United States and began living with him in Carthage alongside her children. He is the biological father of her youngest child. Lopez-Vasquez has never held formal employment in the United States but has served as a homemaker and caretaker of her children.

On August 1, 2024, DHS issued Lopez-Vasquez a Notice to Appear on the charge of being an alien present in the United States without admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i). On September 3, 2024, Lopez-Vasquez attended a hearing before an IJ in Kansas City, Missouri and, through counsel, conceded her removability and designated Guatemala as the country for removal. She then applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). On September 20, 2024, the IJ held a hearing at which Lopez-Vasquez, her husband, and her then-seventeen-year-old daughter testified in support of her application. Lopez-Vasquez also submitted letters to the IJ from family members, neighbors, and faith leaders speaking to her character, role as a mother, and community involvement. At the hearing, Lopez-Vasquez confirmed that her children would remain in the United States if she was removed to Guatemala. In the event the IJ denied her cancellation

application, Lopez-Vasquez also requested that the IJ allow her to depart the United States voluntarily under 8 U.S.C. § 1229c(b).

After considering the testimony and "every exhibit" in the evidentiary record, the IJ denied Lopez-Vasquez's application for cancellation of removal on two independent grounds. First, the IJ determined that Lopez-Vasquez was ineligible for cancellation of removal because she been previously convicted in Missouri of a "crime of child abuse." *See* 8 U.S.C. §§ 1227(a)(2)(E) (establishing a "crime of child abuse" as a predicate offense for removability), 1229b(b)(1)(C) (prohibiting cancellation of removal for persons convicted of offenses listed in § 1227(a)(2)). Second, the IJ concluded that Lopez-Vasquez had failed to establish that "her qualifying relatives"—in this case, her citizen children—"either individually or in the aggregate would suffer hardship that is exceptional or extremely unusual" because of her removal. *See id.* § 1229b(b)(1)(D). The IJ based this conclusion on its findings that Lopez-Vasquez had "tremendous family" in the United States, including her husband, mother, and several sisters, that had "rallied around [her] children" and demonstrated an ability to care for them in the event of her removal. Accordingly, in the IJ's view, "though a mother is irreplaceable," Lopez-Vasquez's children did not face a removal-related "hardship that is exceptional and extremely unusual." Having denied Lopez-Vasquez's application for cancellation of removal, the IJ also denied her application for voluntary departure because she "ha[d] not provided any valid travel documentation in advance of submitting [her application]" and thus failed to establish the means to depart the United States "by clear and convincing evidence." *See* 8 C.F.R. § 1240.26.

Lopez-Vasquez then appealed to the BIA, which affirmed the IJ's ruling and removal order. First, the BIA agreed that, in light of her "tremendous amount of familial support in the United States," Lopez-Vasquez had not established that her removal would cause hardship to her citizen children "substantially different from, or beyond, that which would normally be expected from the removal of a noncitizen

with close family in the United States."[2]  Second, the BIA affirmed the IJ's denial of voluntary departure because Lopez-Vasquez had not presented valid travel documents or shown either that DHS possessed such documents or that she could legally return to Guatemala without them.  *See id.* § 1240.26(b)(3)(i)(A)-(B).  Lastly, the BIA rejected Lopez-Vasquez's attempt to supplement the hardship record with new letters from her children and educational forms.  Construing her attempt to supplement the record as a motion to remand to the IJ, the BIA denied the motion because Lopez-Vasquez had not demonstrated either that her children's letters were unavailable prior to her hearing before the IJ or that the educational forms would "impact the outcome of [her] proceedings."

In February 2025, Lopez-Vasquez filed a timely petition seeking our review of a removal order under 8 U.S.C. § 1252, contending that the BIA violated her due process rights under the Fifth Amendment and otherwise erred in denying her application for cancellation of removal, her motion to remand, and her application for voluntary departure.  Accordingly, Lopez-Vasquez asks us to vacate the removal order and remand to the BIA with instructions either to cancel her removal or to reconsider her applications for relief in accordance with the relevant constitutional and statutory requirements.  In March 2025, DHS deported Lopez-Vasquez to Guatemala pursuant to the removal order.

---

[2]The BIA did not address the IJ's determination that Lopez-Vasquez's prior Missouri conviction also rendered her ineligible for cancellation of removal. Because we have no basis to disturb the BIA's hardship analysis, we need not reach Lopez-Vasquez's argument that the IJ erred in denying her cancellation of removal based on her prior conviction.

## II. Discussion

### A.

We first address Lopez-Vasquez's argument that the BIA violated her due process rights by failing "to conduct [a] holistic, family-wide" hardship inquiry, applying an unconstitutionally vague standard for hardship, and ignoring new evidence of removal-related hardship.[3] Although we have jurisdiction to consider these claims *de novo*, we must reject them because Lopez-Vasquez has no "constitutionally cognizable liberty interest" in the "ultimately discretionary relief of cancellation of removal." *See Sanchez-Velasco v. Holder*, 593 F.3d 733, 735, 737 (8th Cir. 2010).

We have described cancellation of removal under 8 U.S.C. § 1229b as "roughly equivalent to executive clemency, over which the executive branch has unfettered discretion." *Nunez-Portillo v. Holder*, 763 F.3d 974, 977 (8th Cir. 2014). Accordingly, we have held that "an alien can have no constitutionally protected liberty interest in [cancellation of removal] and cannot state a claim for a violation of due process rights" related to its denial. *Rodriguez v. Barr*, 952 F.3d 984, 990 (8th Cir. 2020). Therefore, Lopez-Vasquez's due process claims fail under our precedent. *See id.* at 990-91 (rejecting petitioner's claim that the BIA violated his due process rights in denying motion to reopen proceedings because he had no "protected property or liberty interest" in cancellation of removal).

### B.

We turn next to Lopez-Vasquez's arguments that the BIA misapplied the relevant legal standards in denying her cancellation application and motion to

---

[3]Notwithstanding her removal to Guatemala, Lopez-Vasquez's claims concerning the BIA's denial of her cancellation application are not moot because she still "can benefit from relief in this [c]ourt by pursuing [her] application for cancellation of removal." *See Lopez v. Gonzales*, 549 U.S. 47, 52 n.2 (2006).

remand.  On the issue of cancellation, Lopez-Vasquez contends that the BIA erred in concluding that she had not established that her removal would result in "exceptional and extremely unusual hardship" to her citizen children.  *See Wilkinson v. Garland*, 601 U.S. 209, 212 (2024) (concluding that the hardship determination is a "question[] of law," which we retain jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D)).  When Lopez-Vasquez filed her petition, we had not yet decided upon a standard of review for such a claim.  While our decision in this case was pending, however, we addressed the issue in resolving a similar petition for cancellation of removal.  *See Alonso-Juarez v. Bondi*, 169 F.4th 789, 794-96 (8th Cir. 2026).  There, we joined several of our sister circuits in reviewing the BIA's hardship determination for "substantial evidence," specifically whether "there was enough for a reasonable factfinder to conclude that any hardship would not be 'substantially different from, or beyond, that which would normally be expected to result from . . . deportation.'"  *Id.* at 796 (quoting *Wilkinson*, 601 U.S. at 222).

Applying that standard, we find that there was substantial evidence in support of the BIA's hardship determination concerning Lopez-Vasquez's children.[4]  Although we accept Lopez-Vasquez's contention that "effectively losing their mother and primary caregiver" qualifies as a severe hardship to her minor children, there was sufficient evidence in the record for a "reasonable factfinder to conclude" that such a hardship is not "substantially different from, or beyond, that which would normally be expected to result from" their mother's deportation.  *See Alonso-Juarez*, 169 F.4th at 796.  For example, the record supports that her minor children can continue to reside, attend school, and receive medical care in the United States and will retain the emotional and financial support of their father and extended family.  That distinguishes this case from those presenting "exceptional and extremely unusual hardship[s]."  *Cf. In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 471-72 (B.I.A. 2002) (concluding petitioner raised successful hardship claim because her

---

[4]In light of *Alonso-Juarez*, we reject Lopez-Vasquez's request for *de novo* review of the BIA's hardship determination.  *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

four U.S. citizen children were "entirely dependent" on her, would have to move to Mexico in the event of her deportation, and lacked any proficiency in Spanish or additional family in that country).

We also find no legal error in the BIA's denial of Lopez-Vasquez's motion to reopen cancellation proceedings to consider new evidence of her children's hardship. The crux of her argument is that the BIA failed to apply the correct legal standard when evaluating her motion, specifically whether her proffered evidence was material to her application and "of such a nature that [it] . . . would likely change the result in the case." *See Campos Julio v. Barr*, 953 F.3d 550, 553 (8th Cir. 2020). The record belies that assertion. The BIA explicitly rejected her motion to remand because Lopez-Vasquez failed to demonstrate the materiality or unavailability of her new evidence, and Lopez-Vasquez has not articulated on appeal how the BIA abused its discretion in doing so. *See id.* ("Motions to remand are disfavored, and we review their denial under a highly deferential abuse of discretion standard." (citation modified)). Accordingly, we deny Lopez-Vasquez's petition for remand.

## C.

Having decided that substantial evidence supported the denial of Lopez-Vasquez's application for cancellation of removal and found no basis for remand, we cannot reach her claims concerning the denial of her application for voluntary departure. Those claims are moot because she already has been deported to Guatemala in accordance with a lawful removal order. We thus lack jurisdiction under Article III to consider them. *See Beck by Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (noting that a "case is moot" when "issues presented in a case [] lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief").

## III. Conclusion

Accordingly, we deny the petition for review.

_____