# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1269

_____

Ah May Ruth Lee

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

No. 13-2597

_____

Ah May Ruth Lee

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 11, 2014
Filed: August 28, 2014
_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Ah May Ruth Lee petitions for review of the Board of Immigration Appeals' (BIA) denials of Lee's motion to remand and her later motion to reopen her application for asylum, withholding of removal, and protection under the Convention Against Torture.  We deny both petitions.

I.

Lee claims to be a 37-year-old native and citizen of Burma.  She entered the United States in October 2007 using a fraudulent Thai passport and a non-immigrant "visitor for business" visa authorizing her to remain in the United States until February 2008.  In October 2008, Lee affirmatively applied for asylum and withholding of removal with the assistance of her attorney, William Monroe.  The Department of Homeland Security (DHS) denied the application and referred the case to an Immigration Judge (IJ).  See 8 C.F.R. §§ 208.14(c)(1), 208.19, 1208.13, 1240.1(a)(1)(ii), 1240.11(c).

In her initial asylum application filed in October 2008, Lee stated that she was seeking asylum because of the persecution she and her family had faced at the hands of the Burmese government.  Lee described how she supported the Shan State Army and fled to a refugee camp in Thailand.  She also described an incident where she was

detained and sexually abused by a Thai police officer for several weeks that allegedly resulted in the subsequent birth of a daughter.

In March 2010, Lee, through her attorney Monroe, filed an amended asylum application. In this amended application, Lee asserted for the first time that she had been raped by soldiers in the Burmese Army. She alleged that as a result of this rape, she became pregnant but, upon the advice of older women in the village, took medicines to cause an abortion. She also alleged, again for the first time, that on one occasion, Lee's father attempted to rape her while hiding her in the jungle. Monroe did not include in the amended asylum application an explanation for Lee's delay in reporting the sexual assaults nor did Monroe arrange for Lee to receive counseling.

The IJ conducted a hearing where Lee testified extensively about her upbringing and described the circumstances of her alleged rape by Burmese soldiers and the attempted sexual assault by her father. She also testified about leaving Burma and seeking refuge in Thailand. She explained her employment and living situations and how she obtained a Thai identification card. She described the incident where she claims a Thai police officer confined her to his home for approximately 20 days and continued to sexually abuse her, resulting in a pregnancy and the birth of her daughter. Lee testified that her daughter remains in a refugee camp in Thailand and is being cared for by Lee's mother.

After the hearing, the IJ issued its decision finding Lee "not credible based on inconsistencies within [her] testimony and with her prior statements." The IJ identified inconsistencies regarding Lee's childhood, the harm she allegedly suffered by the Burmese Army, the attempted rape by her father, Lee's residences in Thailand, her interactions with the Thai police officer, and her time in the refugee camp. The IJ also discredited Lee's corroborating evidence and determined, "[b]ased on [Lee's] inconsistent testimony and prior statements and questionable corroborating evidence, . . . that [Lee] is not credible." As part of this credibility finding, the IJ noted many

-3-

of Lee's claims that were critical to her claim of asylum "were only recently presented to the [IJ and Lee] was unable to sufficiently explain her reason for not mentioning these important events before." The IJ concluded that she was "unsure where [Lee] is from or what happened to her."

Following the IJ's decision, Lee retained the assistance of new counsel. Lee appealed the IJ's denial of her asylum claim to the BIA requesting remand based on the ineffective assistance of her prior counsel. Lee included two pieces of additional evidence with her appeal and motion to remand. First, Lee's new counsel obtained a psychological assessment and counseling for Lee. Lee's counsel then submitted a letter from Lee's therapist that discussed the therapist's evaluation and diagnosis of Lee as well as how Lee's delayed reporting of the rape and attempted rape in her asylum application would be a common response by victims of sexual abuse. Second, Lee submitted the affidavit of a cousin who attended the hearing. In the affidavit, the cousin claimed that Lee would not have understood all that the translator communicated because the translator spoke a different dialect of Thai than Lee knew. Also, the cousin stated that had she been called to testify, she would have told the IJ how she is related to Lee and that both she and Lee are from the same area in Burma. In addition to the therapist's letter and the cousin's affidavit, Lee also included with her appeal a copy of her complaint against attorney Monroe along with a copy of the FedEx shipping label directed to the Minnesota Office of Lawyers Professional Responsibility.

The BIA affirmed the IJ's holding, concluding that Lee had not complied with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). Specifically, the BIA determined that the submitted shipping label addressed to the state bar was insufficient evidence that a grievance had been filed with the state bar. Accordingly, the BIA determined that the claim of ineffective assistance of counsel must fail. Despite this conclusion, the BIA proceeded to consider the merits of Lee's asylum claim and determined that the IJ's credibility determination was not clearly

erroneous. The BIA considered the additional evidence submitted on appeal—the letter from Lee's therapist and the affidavit from her cousin—solely as a basis for remand. In making this review, the BIA determined that the additional evidence did not justify a remand because the IJ's adverse credibility findings were not based solely on the omissions concerning Lee's alleged rape and attempted rape. Accordingly, the BIA dismissed the appeal and denied remand.

Lee filed a petition for review of the BIA's decision in this court. After filing the petition, Lee sought to present new evidence through a motion to reopen with the BIA pursuant to INA § 240(c)(7) and 8 C.F.R. § 1003.2(c). The additional evidence Lee sought to present included further records of psychological counseling, an affidavit from attorney Monroe, and an affidavit from Lee's husband who is a Lisu refugee from Burma. The BIA denied the motion to reopen, holding the additional evidence was substantially similar to the evidence previously submitted that was found to be insufficient to justify remand.

## II.

Lee now petitions this court for review of the BIA's decisions to deny her motion for remand and to deny her later motion to reopen. These petitions are consolidated for purposes of this court's consideration.

These combined petitions present two related issues. Did the BIA abuse its discretion when it, first, denied Lee's motion to remand to the IJ for consideration of additional evidence and, second, denied Lee's later motion to reopen that included further additional evidence?[1] See Clifton v. Holder, 598 F.3d 486, 490 (8th Cir. 2010)

---

[1]The BIA also held that Lee did not comply with the procedural requirements in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), to present a claim of ineffective assistance of counsel. Lee argued that attorney Monroe was ineffective in presenting her claims to the IJ as it pertained to her delay in reporting the sexual assault by

(abuse of discretion standard of review for motion to remand), Strato v. Ashcroft, 388 F.3d 651, 654 (8th Cir. 2004) (abuse of discretion standard of review for motion to reopen). This abuse-of-discretion standard is "highly deferential" to the BIA's decisions. See Zine v. Mukasey, 517 F.3d 535, 542 (8th Cir. 2008). The "BIA abuses its discretion only when its decision 'is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim.'" Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004) (quoting Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997)).

Although Lee is petitioning for review of the denials of two separate motions—a motion to remand and a motion to reopen—our analysis of each is a "similar endeavor[]." See Clifton, 598 F.3d at 492 ("[E]valuating motions to reopen and evaluating motions to remand can be quite similar endeavors."). In both motions, Lee submits additional evidence she claims refutes the IJ's credibility determination. In the context of a motion to remand, we have held that "[t]he BIA will not remand to the IJ to consider additional evidence proffered on appeal if the evidence was available and could have been presented at an earlier hearing." Berte v. Ashcroft, 396 F.3d 993, 997 (8th Cir. 2005) (internal quotation marks omitted). "Even if the evidence was previously unavailable, the BIA will remand only if the evidence is 'of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were

---

members of the Burmese Army and the attempted sexual assault by her father. Although the BIA found that Lee had failed to comply with the procedural requirements of Matter of Lozada, it proceeded to consider the merits of Lee's claim as it pertained to the motion to remand, including the basis for the prejudice Lee claims she suffered by her alleged ineffective counsel. In doing so, the BIA determined that Lee failed to present evidence that established prima facie eligibility for the relief and protection sought. Accordingly, we do not consider if the BIA correctly interpreted the procedural requirements of Matter of Lozada because the BIA addressed the merits of Lee's motion to remand and determined that the IJ's credibility determination would stand.

reopened, with all the attendant delays, the new evidence would likely change the result in the case.'" Id. (second alteration in original) (citation and internal quotation marks omitted).

Similarly, in considering a motion to reopen, the BIA may deny a motion to reopen on the basis of new evidence on any of three grounds: "failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief sought." Khalaj v. Cole, 46 F.3d 828, 834 (8th Cir. 1995). In other words, these new facts "must be such that they would likely change the result in the case, or the heavy burden required to merit a reopening of proceedings will not have been met." Strato, 388 F.3d at 655 (internal quotation marks omitted).

The BIA did not abuse its considerable discretion in denying Lee's motion to remand and motion to reopen. In total, Lee claims that her additional evidence explains why she delayed reporting the sexual abuse and supports her claim that she is a Burmese citizen. While these are two concerns the IJ had about Lee's credibility, the IJ found Lee was not credible for several other reasons, including (1) inconsistencies about where she grew up, and when she was raised primarily by her parents and when she was raised primarily by her grandparents, (2) discrepancies about the places and dates of her residences in Thailand, (3) inconsistent statements about when she was employed and by whom, and (4) issues pertaining to Lee's daughter's identity and the daughter's birth documents. The BIA emphasized in its denials of the motion to remand and the motion to reopen that the additional evidence presented would not have warranted overturning the IJ's credibility finding. Thus, the BIA was well within its discretion to issue the denials. See Clemente-Giron v. Holder, 556 F.3d 658, 662-63 (8th Cir. 2009) (holding adverse credibility finding was "supported by numerous material inconsistencies that go to the heart of [petitioner's]

asylum claim, even apart from her omission of the sexual assault" in her asylum application).

## III.

For the foregoing reasons, the petitions for review are denied.

_____