# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3671

_____

Judith Mutle Mutie-Timothy

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 21, 2015
Filed: January 28, 2016

_____

Before WOLLMAN, BEAM, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Judith Mutle Mutie-Timothy, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals (BIA), upholding the Immigration Judge's (IJ) denial of her applications for adjustment of status and waiver of removal. We dismiss the petition for review insofar as it challenges the

BIA's discretionary denial of adjustment of status and waiver of removal, and we otherwise deny the petition.

Mutie-Timothy was admitted to the United States in 1998 as a student. She married a U.S. citizen, Tywan Wortham, in June 2004 and was later granted conditional lawful-permanent-resident status based on that marriage. The U.S. Citizenship and Immigration Services (CIS) terminated Mutie-Timothy's status in May 2007, however, after it determined that she had entered into a fraudulent marriage for the purpose of obtaining immigration benefits. Thereafter, the Department of Homeland Security (DHS) commenced removal proceedings, ultimately charging Mutie-Timothy with removability based on two grounds: (1) termination of her conditional lawful-permanent-resident status, see 8 U.S.C. §§ 1227(a)(1)(D)(i), 1186a(b); and (2) marriage fraud, see id. § 1227(a)(1)(G)(ii). Mutie-Timothy denied the allegations.

In the removal proceedings, DHS submitted the report and record prepared by CIS in its investigation into Mutie-Timothy's conditional status. CIS found that Mutie-Timothy provided fraudulent information both in her application for lawful-permanent-resident status and during a July 2005 interview related to that application. It found that Mutie-Timothy falsely claimed to be living with Wortham and working in Kansas from July 2004 to July 2005, when real-estate, employment, tax, and other records established that Mutie-Timothy was then living and working in Minnesota, while Wortham himself lived and worked in Kansas during that time. Although Mutie-Timothy obtained employment in Kansas in July 2005—mere days before her interview with CIS—that employment was terminated for abandonment after less than a week. DHS took the position that Mutie-Timothy had secured the position only to obtain a Kansas employment letter as evidence of her good-faith marriage. In October 2005, Mutie-Timothy and John Nyakundi (a fellow Kenyan national accused of marriage fraud in a separate proceeding) purchased a home in Minnesota, where they lived together. In support of her claim that she had married Wortham in good

faith, Mutie-Timothy submitted the results of a DNA paternity test indicating that Wortham was the father of her U.S. citizen daughter. It was Mutie-Timothy herself who collected and identified the DNA samples before mailing them to a lab in New Mexico for testing.

At a removal hearing before the IJ on April 1, 2009, DHS presented the testimony of the CIS officer who had conducted the investigation leading to the termination of Mutie-Timothy's legal status. Mutie-Timothy testified at length in support of her claim that her marriage was not fraudulent. Wortham also testified, but when his testimony began to conflict with Mutie-Timothy's earlier testimony, Mutie-Timothy collapsed and was transported by ambulance to the emergency room, where she was treated for mild dehydration. Although Mutie-Timothy was released later that day, the IJ had continued the proceedings, during which Wortham did not further testify.

Wortham did not attend the removal proceedings when they resumed on April 6, 2009. Mutie-Timothy's counsel stated that there had been an altercation between Wortham and Mutie-Timothy on April 4, 2009, which resulted in a police report and allegations of physical abuse. Mutie-Timothy was recalled to present testimony about the altercation. She testified that Wortham had never struck her before the April 4, 2009, incident. She maintained that he struck her twice on the right side of her face with an open hand and that he attempted to strike her with a closed fist. The police report and criminal complaint, however, stated that Mutie-Timothy had informed officers that Wortham had struck her twice in the mouth with a closed fist. The IJ again continued the proceedings. Before they were resumed, Mutie-Timothy filed a petition with CIS, seeking a determination that she was an abused spouse of a U.S. citizen and was thus eligible to adjust her status to that of a lawful permanent resident under the Violence Against Women Act (VAWA). See 8 U.S.C. §§ 1154(a)(1)(A)(iii), 1229b(b)(2)(A). When the proceedings resumed in

November, Mutie-Timothy changed her testimony, asserting that Wortham had struck her with a closed fist on more than ten occasions.

Based on the foregoing evidence, the significant inconsistencies between Mutie-Timothy's testimony and the record evidence, and Mutie-Timothy's overall demeanor, the IJ concluded that Mutie-Timothy was not credible and that she was removable on both charges asserted by DHS. The IJ called into question the veracity of Mutie-Timothy's claim that Wortham was the father of her U.S. citizen daughter, given that the DNA test results were based on samples obtained, identified, and mailed to the lab by Mutie-Timothy herself. The IJ also found Mutie-Timothy's claims that Wortham abused her to be unworthy of credence, given the significant discrepancies between what she reported to the police, her testimony in April 2009, and her testimony in November 2009. The IJ issued her decision in the removal proceedings in November 2009, while Mutie-Timothy's VAWA petition was pending before CIS.

Mutie-Timothy appealed the IJ's decision to the BIA. While her appeal was pending, CIS approved Mutie-Timothy's VAWA petition, which required a finding that her marriage to Wortham was bona fide. Mutie-Timothy then moved the BIA to remand her removal proceedings to the IJ for reconsideration in light of CIS's approval of her VAWA petition. She also filed an application to adjust her status to lawful permanent resident based on the approved VAWA petition. "[W]ith some reluctance," the BIA remanded, instructing the IJ to address Mutie-Timothy's eligibility for adjustment of status based on the approved VAWA petition and to consider whether CIS's approval of that petition was based on evidence not available to the IJ during the removal proceedings. Decision of BIA of Jan. 23, 2012, at 2. The BIA "recognize[d] that the record fully supports the [IJ's] conclusions regarding marriage fraud, including [Mutie-Timothy's] lack of credibility," and it upheld the IJ's finding that Mutie-Timothy's testimony regarding the alleged abuse by Wortham and the paternity of her U.S. citizen daughter was not credible. Id. at 1. The IJ's

conclusions were not clearly erroneous, according to the BIA, given the "many specific and cogent inconsistencies in the testimony and evidence of record." Id. The BIA also observed that Mutie-Timothy had not challenged the adverse credibility determination nor explained the many inconsistencies in her testimony.

On remand, Mutie-Timothy proffered the documents that she had submitted to CIS in support of her VAWA petition. She also sought a waiver of removal under 8 U.S.C. § 1227(a)(1)(H)(ii), which grants the IJ discretion to grant a waiver of removal that was based on fraud if the alien "is a VAWA self-petitioner" (fraud waiver).[1] In February 2013, the IJ issued a second decision, incorporating and reiterating her previous adverse credibility finding and her conclusion that Mutie-Timothy had committed marriage fraud. With respect to the approved VAWA petition, the IJ disagreed with CIS's determination that Mutie-Timothy's marriage was bona fide, that she was abused by Wortham, and that she was a legitimate VAWA petitioner. The IJ again upheld the charges of removability, and she denied Mutie-Timothy's application for adjustment of status and request for a fraud waiver, concluding that Mutie-Timothy did not merit a favorable exercise of discretion.

Mutie-Timothy again appealed to the BIA, arguing that the IJ was required to defer to CIS on the marriage-fraud issue because of CIS's specialized knowledge and expertise. She also argued that the IJ had predetermined that her marriage was fraudulent and had failed to follow the BIA's directive on remand. As in her first appeal to the BIA, Mutie-Timothy did not challenge the IJ's adverse credibility finding. The BIA first noted that the IJ was authorized to rule on Mutie-Timothy's

_____

[1]DHS filed an additional charge of removability under 8 U.S.C. § 1227(a)(3)(D), asserting that Mutie-Timothy falsely represented herself to be a U.S. citizen or national on an employment application in September 2008. Mutie-Timothy challenges the sufficiency of the evidence to support the IJ's determination that she was also removable on this charge. We need not reach this issue, however, given our resolution of the other claims raised in her petition for review.

-5-

application for adjustment of status and was not required to defer to findings made by CIS in approving the VAWA petition. The BIA then affirmed the IJ's discretionary denial of adjustment of status, concluding that substantial evidence in the record fully supported the IJ's finding that Mutie-Timothy was not credible and that she had committed marriage fraud. For the same reasons, the BIA also affirmed the IJ's discretionary denial of Mutie-Timothy's application for a fraud waiver.

Mutie-Timothy's petition for review first argues that the IJ erred when she refused to adjust her status based on her approved VAWA petition and CIS's underlying determination that her marriage was bona fide. She further contends that the IJ clearly erred in finding that she was not "a beneficiary of an approved" VAWA petition. She also argues that the IJ erred in refusing to grant a fraud waiver. The government responds that we lack jurisdiction to review the IJ's purely discretionary decision to deny an adjustment of status and a fraud waiver. It asserts that, notwithstanding the approved VAWA petition, the IJ was authorized to determine, based on the evidence and testimony, that Mutie-Timothy's application for an adjustment of status and a fraud waiver should be denied in the exercise of discretion. We agree with the government.

"We review *de novo* whether we have subject-matter jurisdiction." Diallo v. Holder, 715 F.3d 714, 715 (8th Cir. 2013). In general, we lack jurisdiction to review discretionary denials of adjustment of status "unless the petition for review raises a constitutional claim or question of law," Dukuly v. Filip, 553 F.3d 1147, 1149 (8th Cir. 2009) (quoting Hailemichael v. Gonzales, 454 F.3d 878, 886 (8th Cir. 2006)); see also 8 U.S.C. § 1252(a)(2)(B)(i) (divesting courts of jurisdiction to review "any judgment regarding the granting of relief under . . . [8 U.S.C. §] 1255 [adjustment of status]"). Adjustment of status is a discretionary decision committed to the Attorney General. See 8 U.S.C. § 1255. Thus, a petition for review from the denial of an adjustment of status must raise a colorable legal or constitutional claim; factual arguments couched in legal or constitutional terms are insufficient to overcome the

jurisdictional bar. See Dukuly, 553 F.3d at 1149. We review the BIA order as the final agency decision, "including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006).

The BIA adopted and affirmed the IJ's decision denying an adjustment of status, noting the "many inconsistencies and problems with [Mutie-Timothy's] testimony" and specifically upholding the IJ's adverse credibility determination as "amply supported by the record." Decision of BIA of Oct. 29, 2014, at 2. Finding no clear error in the IJ's factual findings, the BIA concluded that the IJ "properly found the marriage to be fraudulent and . . . properly exercised her discretion in denying [Mutie-Timothy's] application for adjustment of status." Id. The BIA acknowledged Mutie-Timothy's approved VAWA petition and her argument that CIS's determination that her marriage was bona fide was entitled to deference. In rejecting this argument, the BIA first noted that CIS based its approval on a paper record, while the IJ heard Mutie-Timothy's testimony, assessed her demeanor, and was in the best position to judge her credibility. It then observed that Mutie-Timothy's approved VAWA petition did not entitle her to adjustment of status because it "is but a single component of a grant of adjustment of status," id., and because adjustment of status is ultimately a matter of discretion committed to the IJ, see 8 U.S.C. § 1255(a) (noting that the status of an alien "having an approved petition for classification as a VAWA self-petitioner *may* be adjusted by the Attorney General, *in his discretion*" if several additional conditions are satisfied) (emphasis added).

Mutie-Timothy argues that the IJ committed legal error in concluding that she was not a legitimate VAWA petitioner in light of her approved VAWA petition. But this argument misconstrues the IJ's treatment of her VAWA petition. The IJ's comments regarding the validity of Mutie-Timothy's VAWA claim were made in connection with her discretionary determination that Mutie-Timothy was not credible

and was not entitled to an adjustment of status merely because her VAWA petition had been approved. In sum, we lack jurisdiction to review the BIA's discretionary denial of adjustment of status, and we dismiss Mutie-Timothy's petition for review insofar as it raises a challenge to this denial. See Hailemichael, 454 F.3d at 886; 8 U.S.C. § 1252(a)(2)(B), (D).

Mutie-Timothy next argues that the IJ erred by denying her request for a fraud waiver under 8 U.S.C. § 1227(a)(1)(H). The IJ denied Mutie-Timothy's request as a matter of discretion, again noting, among other factors, Mutie-Timothy's lack of credibility during the course of the removal proceedings, the inconsistencies in her testimony, and her commission of marriage fraud. The IJ concluded that, even if Mutie-Timothy were otherwise eligible to adjust her status, she would deny Mutie-Timothy's request for a fraud waiver in the exercise of discretion. The BIA affirmed for the same reasons, a discretionary decision we lack jurisdiction to review. See Hailemichael, 454 F.3d at 886; 8 U.S.C. § 1252(a)(2)(B), (D). Accordingly, we dismiss Mutie-Timothy's petition for review with respect to the discretionary denial of a fraud waiver.

Finally, Mutie-Timothy argues that her due-process rights were violated because she did not receive a fair hearing before the IJ in the remanded proceedings. Due process requires that Mutie-Timothy receive a fair hearing, including "the opportunity to be heard at a meaningful time and in a meaningful manner." Mohamed v. Gonzales, 477 F.3d 522, 526 (8th Cir. 2007) (citation omitted). Assuming that Mutie-Timothy raises a colorable constitutional claim sufficient to confer jurisdiction upon us, she has not shown "both a fundamental procedural error and prejudice as a result of the error." Camishi v. Holder, 616 F.3d 883, 886 (8th Cir. 2010). Accordingly, we deny the petition for review with respect to Mutie-Timothy's due-process claims.

The petition for review is dismissed in part and denied in part.

_____