# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1234

———————————————

Oscar Rivera-Guerrero

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: April 18, 2019
Filed: June 20, 2019
[Published]

——————————

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Oscar Rivera-Guerrero petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen. He filed the motion many years after receiving an order of removal and sought reopening to assert claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). To justify reopening, he alleged changed circumstances in Mexico, in particular, an

increase in gang violence generally and a risk of future persecution due to his prior involvement with a Christian group that opposed illegal drugs. He also alleged he was denied due process in his earlier proceedings. The BIA rejected his arguments. We reject his petition for review and affirm.

I.

Petitioner unlawfully entered the United States in 2001. In 2002, he was charged with removability. Through counsel, he conceded removability and waived his hearing. On May 23, 2002, he was ordered removed. A warrant of removal indicates he was removed to Mexico on May 24, 2002, although in his present motion to reopen, he alleges he never left the United States.

Almost fifteen years later, in April 2017, Petitioner filed the current motion to reopen. He sought to be excused from the time-bar for his motion due to changed country conditions, as permitted by 8 C.F.R. § 1003.23(b)(4). Relying on news articles and an affidavit from a friend, Petitioner alleged that his evidence demonstrated: (1) gang violence had increased in Mexico such that Mexico was "at least 20 times more dangerous" than before he left Mexico; (2) Petitioner had been involved in a Christian youth group from 1992–98 that opposed illegal drugs; (3) Petitioner had received threatening phone calls for refusing to sell drugs; and (4) gang members had threatened to kill Petitioner if he returned to Mexico.

An immigration judge rejected his arguments and denied his motion to reopen. The IJ first held Petitioner failed to show changed country conditions. The IJ determined Petitioner's evidence failed to identify dates of alleged threats and failed to articulate country conditions with sufficient detail to allow a comparison of current conditions to conditions at the time of his earlier proceedings. In addition, the IJ noted that none of the articles referred to the group Petitioner allegedly belonged to

in the 1990s. Finally, the IJ noted that Petitioner's alleged activities with the group had occurred years prior to his earlier proceedings.

In the alternative, the IJ held Petitioner failed to establish a reasonable likelihood that his applications for asylum, withholding of removal, and CAT protection would be granted. The IJ held that unfulfilled and vague threats of violence cited by his friend were not sufficient to establish past persecution. The IJ also held general documentary evidence of crime and violence in Mexico did not show Petitioner would be a specific target for persecution on a protected basis or that it was more likely than not that he would be tortured.

Petitioner appealed to the BIA. The BIA affirmed, holding, "even if [Petitioner] demonstrated changed country conditions or circumstances in Mexico, the Immigration Judge properly denied reopening because [Petitioner] did not demonstrate prima facie eligibility for relief." Petitioner argued to the BIA that he was denied due process in that, during his 2002 proceedings, he was not made aware of the various forms of relief that might be available. The BIA found no denial of due process, concluding the record demonstrated Petitioner knew of his rights and potential forms of relief yet waived his rights. Petitioner appeals.

II.

In limited circumstances, the untimeliness of a motion to reopen may be excused if a petitioner shows changed country conditions based on evidence not previously available and if he makes a prima facie showing that, if reopened, his case would lead to relief. See 8 C.F.R. § 1003.2(c)(3)(ii) (providing for relief from the time limitations for motions to reopen based on evidence that "is material and was not available and could not have been discovered or presented at the previous hearing"); Lee v. Holder, 765 F.3d 851, 855 (8th Cir. 2014) (stating that to satisfy "the heavy burden required to merit a reopening of proceedings," the new evidence "must be

such that [it] would likely change the result in the case" (citation omitted)). "Because motions to reopen are disfavored, particularly untimely motions to reopen, we review the BIA's decision . . . under a highly deferential abuse of discretion standard." Li Yun Lin v. Mukasey, 526 F.3d 1164, 1165 (8th Cir. 2008) (per curiam) (quoting Zhong Qin Zheng v. Mukasey, 523 F.3d 893 (8th Cir. 2008)).

Here, we find no abuse of discretion. The IJ and BIA permissibly determined Petitioner's evidence of vague and unfulfilled threats failed to establish past persecution. See Lemus-Arita v. Sessions, 854 F.3d 476, 481 (8th Cir. 2017) ("[T]hough a single death threat may constitute persecution, a threat that is exaggerated, nonspecific, or lacking in immediacy may be insufficient. . . . Rather, [t]hreats alone constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." (citations and internal quotation marks omitted)). The IJ and BIA also permissibly determined Petitioner's evidence of general crime and violence in Mexico failed to establish a well-founded fear of future persecution based on Petitioner's alleged involvement with the Christian anti-drug group. See Agha v. Holder, 743 F.3d 609, 617 (8th Cir. 2014) (noting that, to prove a well-founded fear of future persecution, the harm alleged "must be particularized to the individual rather than suffered by the entire population" (citation omitted)). Further, the failure to show eligibility for asylum precludes satisfaction of the higher standard applicable for withholding of removal. Id. at 618. And, Petitioner did not renew his CAT arguments in his brief on appeal.

Finally, we find no denial of due process in Petitioner's earlier proceedings. To the extent he alleges the IJ's analysis in the present matter was so infirm as to amount to a denial of due process, he did not raise this argument with the BIA. In any event, his argument is not fully articulated and is without merit. We affirm the BIA and deny the petition for review.

_____