United States Court of Appeals

For the Eighth Circuit

_____

No. 20-2422

_____

J.M.O.

*Plaintiff - Appellant*

v.

United States of America; U.S. Citizenship and
Immigration Services; Michael Paul

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 14, 2021
Filed: July 7, 2021

_____

Before LOKEN, WOLLMAN, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

J.M.O., a citizen of Mexico, entered the United States unlawfully in the 1990's and re-entered unlawfully in 2003. In 2012, he submitted an application for "U" nonimmigrant status (I-918) and an application for waiver of inadmissibility (I-192) to the United States Citizenship and Immigration Services ("USCIS"), which approved the applications in December 2015. In March 2019, he filed an I-485

application for adjustment of status to lawful permanent resident under 8 U.S.C. § 1255(m). After USCIS denied the § 1255(m) application in January 2020, J.M.O. brought this action in the District of Minnesota and filed a motion for a preliminary injunction setting aside the effective date of the denial. The district court[1] denied the motion, concluding that 8 U.S.C. § 1252(a)(2)(B)(i) deprived the court of subject matter jurisdiction to review the agency's denial of discretionary adjustment of status relief. J.M.O. appeals. Reviewing the jurisdictional decision *de novo*, we affirm.

U-visa is a nonimmigrant classification granted to victims of qualifying crimes who cooperate with law enforcement in the investigation or prosecution of those crimes. See 8 U.S.C. § 1101(a)(15)(U). Department of Homeland Security (DHS) regulations give USCIS sole jurisdiction over U-visa petitions. See 8 C.F.R. § 214.14(c)(1). If the petition is approved, a petitioner present in the United States receives lawful nonimmigrant status and employment authorization for up to four years. See 8 U.S.C. §§ 1184(p)(3)(B), (p)(6); 8 C.F.R. § 274a.12(a)(19). Additionally, 8 U.S.C. § 1255(m) gives the Secretary of DHS authority to grant a U-nonimmigrant's I-485 application to adjust his status to lawful permanent resident.

The Immigration and Nationality Act's judicial review provisions are found in 8 U.S.C. § 1252. Subparagraph 1252(a)(2)(B) provides in relevant part:

> Notwithstanding any other provision of law . . . except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review --

> (i) any judgment regarding the granting of relief under section[] . . . 1255 of this title.

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

The U-nonimmigrant statute, 8 U.S.C. § 1255(m), provides in relevant part:

> (1) The Secretary of Homeland Security may adjust the status of an alien admitted into the United States (or otherwise provided nonimmigrant status) under section 1101(a)(15)(U) of this title to that of an alien lawfully admitted for permanent residence if [he satisfies other criteria not here at issue and]
>
> \* \* \* \* \*
>
> **(B)** in the opinion of the Secretary of Homeland Security, the alien's continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest.

In Kucana v. Holder, 558 U.S. 233, 246 (2010), the Supreme Court held that administrative judgments under 8 U.S.C. § 1255 and the other statutes specifically named in § 1252(a)(2)(B)(i) "are insulated from judicial review" because each "addresses a different form of discretionary relief from removal . . . and each contains language indicating that the decision is entrusted to the Attorney General's discretion."[2] Numerous Eighth Circuit decisions before and after Kucana reached the same conclusion. See, e.g., Mutie-Timothy v. Lynch, 811 F.3d 1044, 1049 (8th Cir. 2016) ("we lack jurisdiction to review the BIA's discretionary denial of adjustment of status" under 8 U.S.C. § 1255.).

In this case, the USCIS decision J.M.O. seeks to enjoin concluded:

> [A]fter careful consideration, USCIS finds that the mitigating factors in your case do not outweigh the negative equities found in the record.

_____

[2]Following recent legislation, "the statutory reference to 'Attorney General' now means the Secretary of the Department of Homeland Security." Silva v. United States, 866 F.3d 938, 940 n.2 (8th Cir. 2017).

You have been arrested [four times, including a felony charge of Criminal Vehicular Homicide/Injury]. Additionally, your former spouse obtained a protective order against you. You have not provided sufficient evidence to establish that your adjustment of status is warranted on humanitarian grounds, to ensure family unity, or is otherwise in the public interest. As such, you have not met your burden of demonstrating that a favorable exercise of discretion is appropriate in your application to adjust your status to . . . lawful permanent resident.

Rejecting J.M.O.'s contrary arguments, the district court denied his motion for a preliminary injunction postponing the effective date of the denial of adjustment of status: "Based on the plain language of § 1252(a)(2)(B)(i), the Court has no jurisdiction to review the underlying denial of J.M.O.'s adjustment of status under 8 U.S.C. § 1255(m)." We agree.

On appeal, J.M.O.'s primary argument is that § 1252(a)(2)(B)(i) does not apply to § 1255(m) denials because it applies only to "any judgment regarding the *granting* of relief." He cites no authority directly supporting this cramped interpretation of the statute. We conclude it is contrary to plain meaning and common sense. The denial of an I-485 application for the grant of adjustment of status under § 1255(m) is a decision "regarding the granting of relief." The introductory part of § 1252(a)(2)(B) makes clear the statute applies "whether the judgment, decision, or action is made in removal proceedings."

Section 1255(m)(1) provides that the DHS Secretary "*may* adjust the status of an alien" granted U-nonimmigrant status. J.M.O. further argues that, even if § 1252(a)(2)(B)(i) applies to these decisions, § 1255(m) denials should be deemed nondiscretionary adjudications because "may" means "shall" for purposes of § 1255(m). Again, he cites no case directly supporting this counter-intuitive argument. The permissive term "may adjust" in § 1255(m)(1) stands in stark contrast to the requirement in § 1255(m)(4) that, "upon approval of adjustment of status under

-4-

paragraph (1) or (3), the Secretary of Homeland Security "*shall record* the alien's lawful admission . . . as of the date of such approval" (emphasis added). We conclude the statutory substantive ground on which USCIS based its denial of J.M.O.'s I-485 application -- his failure to establish that adjustment of status "is warranted on humanitarian grounds, to ensure family unity, or is otherwise in the public interest" -- is a discretionary determination governed by § 1252(a)(2)(B)(i), like determinations to deny cancellation of removal under § 1229b(b) because removal would not cause "exceptional and extremely unusual hardship" to a U.S. citizen family member. See, e.g., Hernandez-Garcia v. Holder, 765 F.3d 815, 816 (8th Cir. 2014). Therefore, the district court correctly determined that it lacked jurisdiction to grant the requested preliminary injunction.[3]

Finally, J.M.O. argues that, because immigration judges lack jurisdiction to review a denial of a § 1255(m) application under the governing regulations, citing 8 C.F.R. § 245.24(f) and (k), we should conclude that 8 U.S.C. § 1252 is an unconstitutional deprivation of due process and equal protection if it bars direct judicial review of § 1255(m) denials. This is not a colorable constitutional claim of subject matter jurisdiction, at least in this case, because there is no constitutionally protected liberty interest in discretionary relief under the Immigration and Nationality Act. See Diallo v. Holder, 715 F.3d 714, 716 (8th Cir. 2013); Nativi-Gomez v. Ashcroft, 344 F.3d 805, 808-09 (8th Cir. 20003).

The Amended Sealed Order of the district court dated July 6, 2020 is affirmed.

_____

---

[3]USCIS also determined that J.M.O. was "not lawfully admitted as a U nonimmigrant." Given its alternative discretionary denial, we need not consider whether § 1252(a)(2)(B)(i) would apply to a nondiscretionary denial of relief under § 1255(m). Cf. Rodriguez-Labato v. Sessions, 868 F.3d 690, 693 (8th Cir. 2017).