# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2316

_____

Deqa Mohamed Yusuf

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 15, 2021
Filed: August 9, 2021

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

KELLY, Circuit Judge.

Deqa Mohamed Yusuf was lawfully admitted to the United States as a refugee in 1998 but never naturalized. In 2012, she pleaded guilty to unintentional second-degree felony murder and was ordered removed to Somalia as a result of the conviction. See Minn. Stat. § 609.19, subdiv. 2(1) (1998); 8 U.S.C. § 1227(a)(2)(A)(iii). Yusuf later filed two successive motions to reopen her

immigration proceedings, one before the Immigration Judge (IJ) and the other before the Board of Immigration Appeals (BIA). Both were denied. She now petitions for review of the BIA's denial of her second motion.

I.

Yusuf's removal proceedings took place in 2018, while she was still serving her term of imprisonment in the custody of the Minnesota Department of Corrections. The proceedings were conducted telephonically, and Yusuf appeared pro se. On March 21, 2018, the IJ entered a final order of removal, and Yusuf waived her right to appeal. But ten months later, she filed a motion seeking to reopen her case in order to apply for deferral of removal under the Convention Against Torture (CAT) and for other related relief. The IJ denied the motion, and the BIA affirmed.

After obtaining counsel, Yusuf filed a second motion to reopen with the BIA on November 27, 2019. In this second motion, she sought to reopen removal proceedings on the basis of changed country conditions in Somalia or, in the alternative, pursuant to the BIA's sua sponte authority. In support of her request for sua sponte reopening, Yusuf argued that she was denied a fair removal hearing because she was under the influence of methamphetamine at the time and thus incompetent to proceed.

The BIA deemed the second motion to reopen time barred and, on the issue of competency, determined that Yusuf did not "present[] evidence contemporaneous with her hearing to establish that she was intoxicated" and accordingly "has not established that she was denied a fundamentally fair hearing." Yusuf argues that the BIA abused its discretion in denying the motion to reopen.

-2-

## II.

A motion to reopen generally must be filed within 90 days of the date of the final order of removal. See 8 C.F.R. § 1003.2(c)(2). Yusuf's second motion, filed almost two years after the final order of removal, was therefore presumptively untimely. "But the untimeliness of a motion to reopen may be excused if a petitioner shows changed country conditions based on evidence not previously available and if [s]he makes a prima facie showing that, if reopened, h[er] case would lead to relief." Sharif v. Barr, 965 F.3d 612, 618 (8th Cir. 2020) (cleaned up) (quoting Rivera-Guerrero v. Barr, 926 F.3d 1050, 1052 (8th Cir. 2019) (per curiam)); see 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i).

We review the BIA's denial of a motion to reopen for an abuse of discretion.[1] Ahmed v. Barr, 973 F.3d 922, 929 (8th Cir. 2020). The BIA "abuses its discretion only when its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the [noncitizen] or distorts important aspects of the claim." Id. at 929 (cleaned up) (quoting Lee v. Holder, 765 F.3d 851, 855 (8th Cir. 2014)).

Yusuf argues that Somalia has become increasingly unsafe since 2018 and that as a gay woman and a recent convert to Christianity she faces a high likelihood of torture there. The BIA reviewed the evidence she submitted with her motion to reopen and supplemental brief and determined that it "demonstrates a continuation of country conditions, as opposed to materially changed circumstances within the

---

[1]The government argues that Yusuf's felony conviction prevents us from reviewing her factual challenges to the BIA's decision. But under Nasrallah v. Barr, 140 S. Ct. 1683 (2020), we may review both factual and legal challenges raised in a noncitizen's appeal of the denial of a motion to reopen seeking to apply for relief under the CAT. See Sharif, 965 F.3d at 619, 621–22.

meaning of 8 C.F.R. § 1003.2(c)(3)(ii)." Having reviewed Yusuf's proffered evidence, including her affidavit and several news articles, we discern no abuse of discretion in the BIA's assessment that the evidence unfortunately "shows that the poor conditions facing gays and Christians in Somalia have remained substantially similar since the time of [her] hearing" and that reopening was not warranted on the basis of changed country conditions.

Yusuf also argues that the BIA erred when it did not sua sponte reopen her case. See In re J-J-, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("[T]he [BIA] retains limited discretionary powers under the regulations to reopen or reconsider cases on our own motion . . . in exceptional situations."); 8 C.F.R. § 1003.2(a) (establishing the BIA's "discretion" to grant or deny a motion to reopen). But whether to reopen proceedings pursuant to 8 C.F.R. § 1003.2(a) is a decision "committed to agency discretion by law" that we lack jurisdiction to review. Tamenut v. Mukasey, 521 F.3d 1000, 1005 (8th Cir. 2008) (en banc) (per curiam). We do, however, generally "have jurisdiction over any colorable constitutional claim." Tamenut, 521 F.3d at 1005; see Chong Toua Vue v. Barr, 953 F.3d 1054, 1057 (8th Cir. 2020).

In support of her petition for review, Yusuf argues she was denied a fair hearing. See Al Khouri v. Ashcroft, 362 F.3d 461, 464 (8th Cir. 2004) (holding that the Fifth Amendment's Due Process Clause demands "that removal hearings be fundamentally fair"). According to Yusuf, the underlying proceedings were fundamentally unfair because she was "high on meth" and thus incompetent at the time of her removal hearing. Although this claim may be sufficiently colorable to invoke our jurisdiction, Yusuf has not shown "both a fundamental procedural error and resulting prejudice," as is required to establish a due process violation in this context. Freeman v. Holder, 596 F.3d 952, 957 (8th Cir. 2010) (quoting Kipkemboi v. Holder, 587 F.3d 885, 890 (8th Cir. 2009)); see Mutie-Timothy v. Lynch, 811 F.3d 1044, 1049 (8th Cir. 2016) (denying petition for review of noncitizen's due process claim where she may have raised "a colorable constitutional claim sufficient to confer

-4-

jurisdiction" but failed to show "both a fundamental procedural error and prejudice as a result of the error" (quoting Camishi v. Holder, 616 F.3d 883, 886 (8th Cir. 2010))). Nothing in the record suggests the IJ would have had any indication that Yusuf, who was incarcerated at the time, was intoxicated or otherwise unable to understand the proceedings. And "[a]bsent indicia of mental incompetency, an [IJ] is under no obligation to analyze a[] [noncitizen's] competency." Matter of M-A-M-, 25 I. & N. Dec. 474, 477 (B.I.A. 2011) ("[A] [noncitizen] is presumed to be competent to participate in removal proceedings."); cf. Munoz-Monsalve v. Mukasey, 551 F.3d 1, 6 (1st Cir. 2008) (holding that noncitizen's due process rights were not violated by IJ's decision not to order a competency evaluation where the noncitizen did not request a competency evaluation, the noncitizen did not "bring the possibility of incompetence to the attention of the [IJ]," and "[t]he record contain[ed] no significantly probative evidence of any lack of competency"); Barker v. Att'y Gen. of U.S., 613 F. App'x 197, 202 (3d Cir. 2015) (concluding that petitioner's due process rights were not violated where the record contained no "indicia of incompetency that should have triggered greater scrutiny of Barker's competency from the IJ"). Accordingly, we deny the petition for review with respect to Yusuf's due process claim.

## III.

For these reasons, we deny the petition for review.[2]

_____

_____

[2]We deny the government's motion to dismiss the appeal as moot on the grounds that Yusuf, who has already been removed to Somalia, has since left Somalia for a third country. As an initial matter, the record on this issue is entirely undeveloped. Moreover, the government concedes that Yusuf's removal to Somalia does not by itself moot her claim for CAT relief, and it has not cited to any authority that suggests her temporary flight to a third country moots her claim for protection under the CAT.