# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2556
_____

Zackaria Dahir Mohamed

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 13, 2025
Filed: May 12, 2025
_____

Before COLLOTON, Chief Judge, BENTON and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Zackaria Dahir Mohamed, a native and citizen of Somalia, entered the United States in 1998 as a child refugee. In 2018, an Immigration Judge ("IJ") ordered his removal based on convictions for aggravated felony offenses involving theft and crimes of violence, pursuant to 8 U.S.C. §§ 1101(a)(43)(F), (G); 1227(a)(2)(A)(iii). The Board of Immigration Appeals ("BIA") dismissed his appeal. This petition followed. This court denies the petition for review.

## I.

After entering the United States as a child, Mohamed briefly returned to Somalia before reentering in 2006. He was placed in foster care until he turned 18.

Mohamed's criminal history is extensive. His record includes convictions for several offenses, including theft and assault with a dangerous weapon. In 2013, the Department of Homeland Security began removal proceedings due to the convictions, setting in motion protracted litigation.

The IJ initially determined that Mohamed was removable to Somalia for aggravated felony theft and crimes of violence. In 2020, the IJ ordered Mohamed removed from the United States to Somalia. He appealed to the BIA. It remanded the case to the IJ to consider Mohamed's competency.

In 2021, on remand, Mohamed produced evidence about his mental health history, including a psychological evaluation by Dr. Jerry Kroll. Dr. Kroll testified that he found Mohamed competent during his July 2, 2021 interview, but that he was "incapable of reasoning logically and understanding his legal situation" during the 2017/2018 timeframe. Mohamed also provided medical records and letters from other doctors and testified on his own behalf.

On October 7, 2021, the IJ ruled that Mohamed was competent during the 2020 merits hearing. The decision rested on Dr. Kroll's testimony and on the IJ's observations of Mohamed's behavior throughout the proceedings. The IJ recertified the case to the BIA. It dismissed Mohamed's appeal on *de novo* review. This petition followed.

## II.

Mohamed argues that the BIA's affirmation of the IJ's competency finding is not supported by the record. This court must first determine whether this claim is reviewable.

Federal appellate courts have jurisdiction to review final agency removal orders. *See* **8 U.S.C. § 1252(a)(1)**. However, "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)." **8 U.S.C. § 1252(a)(2)(C)**. Mohamed's convictions for aggravated felony offenses involving theft and crimes of violence under 8 U.S.C. §§ 1101(a)(43)(F), (G) render him removable. *See* **8 U.S.C. § 1227(a)(2)(A)(iii)** ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). This court retains jurisdiction to review colorable constitutional claims and questions of law, which are reviewed *de novo*. *See* **8 U.S.C. § 1252(a)(2)(D)**; ***Mohamed v. Gonzalez***, 477 F.3d 522, 525 (8th Cir. 2007).

The issue is whether Mohamed's claims are issues of fact, or constitutional or legal claims. Generally, a "competency determination is a factual finding we affirm unless clearly arbitrary or unwarranted, or clearly erroneous." ***United States v. Cook***, 356 F.3d 913, 918 (8th Cir. 2004). "A petitioner cannot evade our jurisdictional barrier by couching a factual argument in legal or constitutional terms; he must present a colorable legal or constitutional claim." ***Freeman v. Holder***, 596 F.3d 952, 957 (8th Cir. 2010).

Mohamed acknowledges that a competency finding is a factual finding. His claims are barred by 8 U.S.C. § 1252(a)(2)(C)[1].

---

[1]Mohamed does not challenge the IJ's denial of his application under the Convention Against Torture ("CAT"). *See* **8 C.F.R. § 1208.16(c)(2)** (finding, to be eligible for CAT protection, an applicant must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal"); ***Deng Chol v. Garland***, 25 F.4th 1063, 1067 (8th Cir. 2022) (holding that this court may review factual challenges to a CAT order).

## III.

Even if Mohamed states a legal or constitutional deprivation, the argument fails. Mohamed must show "both a fundamental procedural error and resulting prejudice." *Yusuf v. Garland*, 8 F.4th 738, 742 (8th Cir. 2021). "In this context, prejudice means a showing that the outcome of the proceeding may well have been different had there not been any procedural irregularities." *Freeman*, 596 F.3d at 957.

At the last IJ administrative hearing, both parties submitted evidence about Mohamed's mental health history. The records included a psychological evaluation by Dr. Jerry Kroll and medical files from the Mayo Clinic and the Minnesota Department of Corrections. Both Mohamed and Dr. Kroll testified. Dr. Kroll found that while Mohamed was mentally competent in 2021, he was "mentally disorganized, intermittently psychotic, and incapable of reasoning logically and understanding his legal situation" during the 2017/2018 timeframe. After the hearing, Mohamed submitted additional evidence showing regular visits with mental health professionals and several prescribed medications for his conditions.

The IJ ruled that Mohamed was competent during the 2020 merits hearing. In addition to Dr. Kroll's expert testimony, the IJ relied on his own observations of Mohamed during the proceedings. Based on a totality of the evidence, the IJ denied his motion for a new hearing on the merits.

The evidence presented was insufficient to show "both a fundamental procedural error and resulting prejudice." *Yusuk*, 8 F.4th at 742. The IJ considered all appropriate evidence in its decision. Mohamed's own witness, Dr. Kroll, testified that he thought "by 2020 . . . [Mohamed] was competent." Dr. Kroll clarified that he was "not positive," but he thought "he was competent [in 2020] . . . ." His conclusion was based on a review of Mohamed's medical documents and observations during a July 2021 zoom interview. Dr. Kroll said Mohamed was "clear," "coherent," and "in reasonably good condition" during the interview. The

-4-

IJ also properly based his competency determination on his observations of Mohamed's behavior and mental state throughout the proceedings. *Cf.* ***United States v. Ghane***, 593 F.3d 775, 779 (8th Cir. 2010) ("In assessing a defendant's competency, the district court may consider various factors, including expert medical opinions and its own observations of the defendant during the proceedings.").

Mohamed's claims are like those addressed in *Mohamed v. Gonzales*. *See* ***Mohamed v. Gonzales***, 477 F.3d 522, 527 (8th Cir. 2007). The petitioner there claimed the IJ's failure to hold a competency hearing violated his Fifth Amendment right to procedural due process. This court held that the lack of a competency hearing did not violate procedural due process where petitioner "answered the charges against him, testified in support of his claim for withholding removal, and arranged for two witnesses to appear on his behalf." ***Id***. Here, Mohamed received an extensive hearing with sufficient evidence of competency. Mohamed fails to show a fundamental error or any resulting prejudice.

IV.

Mohamed argues that the BIA and IJ "committed procedural error by holding a retroactive competency hearing a year after the November 2020 merits hearing . . . ." He continues: "[A] retroactive hearing is proper only if there is sufficient credible evidence from the relevant time period."

Mohamed first appeared before the IJ after his case was reopened on October 31, 2018. The parties do not dispute that Mohamed was not competent in 2017/2018—a conclusion supported by Dr. Kroll's testimony. On November 25, 2020, the IJ held a final merits hearing. Dr. Kroll did not provide a written competency finding for the 2019-2020 period because he did not have adequate documentation or information. But in his testimony, Dr. Kroll stated that based on his observations, he thought Mohamed was competent by 2020. In its October 7,

2021 decision finding Mohamed competent, the IJ noted that the court believed Mohamed was competent in 2020:

> During the individual hearing on November 25, 2020, the Court took extensive testimony and was able to observe Respondent's demeanor and level of responsiveness. The Respondent presented as coherent, responsive, and articulate. At no time during the approximately 2.5 hour individual hearing did the Respondent display any indications that he was suffering or displaying any indicia of mental health problems. To the contrary, Respondent was extremely clear, coherent and expressive. The court found his presentation at the individual hearing no different from his presentation at the M-A-M- hearing on September 10, 2021.

Mohamed takes issue with the IJ's conclusion because "those recollections were almost a year old by the time of the September 2021 competency hearing." But the passage of time is not an insurmountable obstacle if sufficient contemporaneous information is available. ***Reynolds v. Norris***, 86 F.3d 796, 803 (8th Cir. 1996). In fact, Mohamed's own medical records from two days before the November 25, 2020 merits hearing support a competency finding. During a November 23, 2020 psychiatric follow-up assessment, Mohamed "presented as calm and appropriate" and "appear[ed] to be managing well." His "thoughts were logical and coherent, and his "psychomotor activity was normal." The records continue: "no psychotic symptoms were noted." Mohamed's "insight and judgment appear good," and he was "optimistic and future-oriented despite whatever the judge's decision turns out to be . . . ."

Because, in Mohamed's words, there was sufficient credible evidence from the relevant time period, there was no procedural error in this case.

\* \* \* \* \* \* \*

The petition for review is denied.

_____